IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GLORIA BOYER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| SCI SHARED SERVICES, INC. d/b/a ) | |
| MACON MEMORIAL PARK FUNERAL ) | |
| HOME AND CEMETERY, GEORGIA ) | |
| CEMETERY SERVICES, LLC, DAVID ) | |
| ASBELL, JOHN DOE, and JOHN DOE, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## DEFENDANT'S NOTICE OF REMOVAL

COME NOW Defendants SCI Shared Services, Inc. ("SCI") and David Asbell ("Asbell"), by and through their attorneys, and respectfully show to this Court the following:

1. Defendants desire to exercise their rights under the provisions of 28 U.S.C. § 1441 to remove this action from the State Court of Bibb County, State of Georgia, which case is now pending in that court under the name *Gloria Boyer v. SCI Shared Services, Inc. d/b/a Macon Memorial Park Funeral Home and Cemetery, Georgia Cemetery Services, LLC, David Asbell, John Doe, and John Doe Inc.*, and docketed as Case No. 22-SCCV-093897.

2. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states, as follows:

   a. The matter in controversy is between citizens of different states.

      i. Plaintiff Gloria Boyer ("Plaintiff") is, and was at the commencement of this action, a citizen and resident of the State of Georgia. See Compl. ¶ 1.

    ii. SCI is, and was at the commencement of this action, a corporation incorporated under the laws of the State of Delaware with its principal place of business at 1929 Allen Parkway, Houston, Texas 77019.  Key Decl. ¶ 4.

    iii. As a result, SCI is, and was at the commencement of this action, a citizen of Delaware and Texas.  See 28 U.S.C. § 1332(c)(1) (stating that "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business").

    iv. Asbell is a citizen of Georgia.  Asbell Decl. ¶ 4.  However, Asbell's citizenship should be disregarded under the fraudulent joinder doctrine because there is no possibility that Plaintiff can establish a cause of action against him.  Restivo v. Bank of Am. Corp., 618 F. App'x 537, 539 (11th Cir. 2015).  "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."  Id.  "The 'no cause of action' theory of fraudulent joinder requires the [ ] defendants to prove that there is [no] possibility that a state court would find that the complaint states a cause of action against . . . the [non-diverse] defendant[ ]."  Id. (quotations omitted).

    v. There is no possibility that a state court would find that Plaintiff can state a cause of action for negligence against Asbell.  He is a funeral director with SCI.  Asbell Decl. ¶ 5.  SCI employs 6 funeral directors.  Id. ¶ 6.  This is an hourly, non-managerial position.  Id.  In it, Asbell does not manage or supervise any employees.  Id.  Asbell does not own or occupy Macon Memorial Park Funeral Home and Cemetery.  Id. ¶ 7.  Asbell does not have any responsibility for the regular management, upkeep or inspection of the Cemetery.  Id.; Asbell Decl. Ex. 1.  He did not set the policies, possess the premises, or control the premises.  Asbell Decl. ¶ 7.  Nor was he in control of the area in which Plaintiff's incident occurred.  Id. ¶

8. He was not the Funeral Director handling the service at which she allegedly injured herself. Id. He did not direct or supervise the visitation, service, or burial at which she allegedly injured herself. Id. He did not arrange or conduct that service or assist others with it. Id. He was not involved with this service at all. Id. He did not witness Ms. Boyer's incident. Id. ¶ 9. He was not present at the service where she allegedly injured herself. Id. He had no knowledge of any allegedly dangerously protruding roots, dangerously raised casket, or lack of protective barrier around the grave as alleged in the Complaint. Id.

        vi.    "[E]mployees are not responsible for the tortious acts of their employers." Catlett v. Wyeth, Inc., 379 F. Supp. 2d 1374, 1383 (M.D. Ga. 2004). Based on this principle, Georgia federal courts routinely find non-diverse defendants like Asbell were fraudulently joined under similar if not identical circumstances. See, e.g., Joy v. Wal-Mart Stores E. L.P., Civil Action File No. 1:20-CV-04309-WMR, 2021 WL 2562146, at *3-*5 (N.D. Ga. Mar. 23, 2021); Woodard v. Wal-Mart Stores E., L.P., No. 5:09-CV-428(CAR), 2010 WL 942286, at *2 (M.D. Ga. Mar. 12, 2010); Matos v. Wal-Mart Stores, Inc., Case No. 4:05-CV-213, 2006 WL 8429930, at *2 (S.D. Ga. May 10, 2006).

        vii.    The citizenship of John Doe and John Doe, Inc. are irrelevant for purposes of diversity jurisdiction. See 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

        viii.    Thus, there is complete diversity between Plaintiff and Defendants.

    b.    The matter in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs.

      i. "If a plaintiff makes an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." Roe v. Michelin N. Am., Inc., 614 F.3d 1058, 1061 (11th Cir. 2010) (quotations omitted).

      ii. Plaintiff alleges that she tripped over a protruding root at the Cemetery, fell and then rolled down six feet into an exposed grave, and sustained physical and emotional injuries. Compl. ¶ 10. She claims to have "sustained severe and traumatic injuries as a proximate result of this incident" and "traumatic physical and traumatic emotional injuries." Id. ¶¶ 35, 37. She seeks to recover damages "including, but not limited to, medical expenses, lost wages, personal injuries, and past, present, and future pain and suffering . . . ." Id. ¶ 38.

      iii. On August 4, 2021, Plaintiff's counsel sent a letter to SCI stating that Plaintiff experienced pain in her tailbone and a T12 compression fracture as a result of the incident, and that she incurred medical expenses of $7,847.00. Browne Decl. Ex. 1 at p. 2. The letter demanded payment of $5,000,000.00 in satisfaction of Plaintiff's claims. Id.

      iv. The Eleventh Circuit has noted that courts may consider demand letters in determining questions concerning the amount in controversy. Lowery v. Alabama Power Co., 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007). This Court has relied on attorney demand letters to determine whether the amount in controversy requirement has been satisfied. See Neal v. Scarborough, Civil Action No. 5:18-CV-280 (MTT), 2018 WL 4521029, at *2 n. 1 (M.D. Ga. Sept. 21, 2018) ("The Plaintiff also contends the Defendants were put on notice that the amount in controversy exceeded $75,000 when they received the Plaintiff's settlement demand for $200,000 in a November 13, 2017 letter."); Taylor v. Foremost Ins. Co., Case No. 5:15-CV-00164 (LJA), 2016 WL 11083156, at *5 (M.D. Ga. June 24, 2016) ("The $150,000

amount demanded in the November 26, 2012 Demand Letter suggests that Plaintiffs valued their insurance claim on the house in excess of $75,000."); Peterman v. Wal-Mart Stores Inc., No. 1:13-cv-91 (WLS), 2013 WL 5210188, at *2 (M.D. Ga. Sept. 13, 2013) ("Peterman's complaint, along with her demand letter, establish that the amount in controversy exceeds $75,000."); Southern Ins. Co. v. Karrer, No. 3:10-CV-84 (CAR), 2011 WL 1100030, at *4 (M.D. Ga. Mar. 22, 2011) ("The Court will not ignore Karrer's evaluation of the value of the claim expressed in a demand letter.").

     v. Included with the demand letter was a report from Plaintiff's Licensed Clinical Social Worker Nancy Weingartner dated July 17, 2021, which stated that Plaintiff experienced pain in her hips and back for months which likely would continue; guilt and disappointment, restlessness, bad dreams, anxiety, fear, withdrawing, recurrent and intrusive memories of the event; decreases in her activities of daily living such as inability to shower or dress herself alone without help, and inability to drive; losses and lack of independence; and mood spiraling causing her depression, anxiety, PTSD (post-traumatic stress disorder), irritability, and insomnia.  Browne Decl. Ex. 2 at pp. 1-2.

     vi. Defendants show that the facts underlying Plaintiff's claims confirm that the amount sought by Plaintiff for alleged damages exceeds the jurisdictional amount of $75,000, exclusive of interest and costs, as a matter of law.  See, e.g., Fowles v. TJX Cos., Case No. 4:21-cv-00198-CDL, 2022 WL 188134, at *2 (M.D. Ga. Jan. 20, 2022) (finding that amount in controversy exceeded $75,000 where plaintiff's past medical treatment cost at least $35,114.71; she alleged that her injuries were significant and permanent; she contended that she continued to suffer pain and suffering and that these injuries likely would persist into the future; she sought compensatory damages for pain and suffering); Densley v. Caldwell, Civil

5

Action No. 5:20-cv-410 (MTT), 2020 WL 7360284, at *2 (M.D. Ga. Dec. 15, 2020) (finding that amount in controversy exceeded $75,000 where plaintiff's itemized medical expenses were $28,972.00 as of June 10, 2020, and she sought "'medical expenses and lost wages, both past and future,' implying that not only medical expenses but also lost wages had continued to accrue and would continue to accrue"); Lewis v. Southern Family Mkts. of Albany, LLC, No. 1:13-cv-153 (WLS), 2013 WL 5949910, at *3 (M.D. Ga. Nov. 6, 2013) (finding amount in controversy satisfied where plaintiff incurred $20,233.54 in known medical expenses in one year and "[b]ecause of the varying levels of pain and the potentially permanent nature of her injury, Lewis will undoubtedly seek damages for the foreseeable future"); Farley v. Variety Wholesalers, Inc., Civil Action No. 5:13-CV-52 (CAR), 2013 WL 1748608, at *2-*3 (M.D. Ga. Apr. 23, 2013) (finding that amount in controversy exceeded $75,000 where plaintiff alleged special damages of $13,095.08 for medical expenses, and sought future medical expenses, and pain and suffering); Troupe v. C & S Wholesale Grocers, Inc., No. 5:09-CV-00098 (CAR), 2009 WL 1938787, at *2-*3 (M.D. Ga. July 2, 2009) (finding that defendant established amount in controversy where plaintiff's complaint asserted that she suffered "severe physical injuries" and "excruciating and severe physical distress" as a result of defendant's negligence, sought damages for medical expenses "in excess of $13,637.00," and prayed an award of "other special and general damages, including pain and suffering, both mental and physical, in the amount to be proven at the time of trial").

      vii.    Thus, the matter in controversy more likely than not exceeds the sum or value of $75,000, exclusive of interest and costs.

3.    Under the provisions of 28 U.S.C. § 1441(a), the right exists to remove this action from the State Court of Bibb County, State of Georgia, to the United States District Court for the

6

Middle District of Georgia, Macon Division, which embraces the place were such action is pending.

4.      In accordance with the requirements of 28 U.S.C. § 1446(b)(1), Defendants file this Notice of Removal within thirty (30) days after service of the Summons and Complaint upon SCI.  The Summons and Complaint were personally served on SCI on February 15, 2022.

5.      Pursuant to the provisions of 28 U.S.C. § 1446(a), Defendants attach hereto copies of all the documents that have been served upon them in this action, described as follows:

   a.   Complaint for Damages filed in the State Court of Bibb County, State of Georgia, having been assigned Case No. 22-SCCV-093897, marked as Exhibit A;

   b.   Summonses to SCI Shared Services, Inc., Georgia Cemetery Services, LLC, and David Asbell, marked as Exhibit B;

   c.   Rule 5.2 Certificate of Service of Discovery, marked as Exhibit C;

   d.   Plaintiff's First Interrogatories to Defendant SCI Shared Services, Inc. d/b/a Macon Memorial Park Funeral Home, marked as Exhibit D;

   e.   Plaintiff's First Request for Production of Documents to Defendant SCI Shared Services, Inc. d/b/a Macon Memorial Park Funeral Home, marked as Exhibit E;

   f.   Plaintiff's First Request for Admission to Defendant SCI Shared Services, Inc. d/b/a Macon Memorial Park Funeral Home, marked as Exhibit F;

   g.   Plaintiff's First Interrogatories to Defendant Georgia Cemetery Services, LLC, marked as Exhibit G;

  h. Plaintiff's First Request for Production of Documents to Defendant Georgia Cemetery Services, LLC, marked as Exhibit H;

  i. Plaintiff's First Request for Admission to Defendant Georgia Cemetery Services, LLC, marked as Exhibit I;

  j. Plaintiff's First Interrogatories to Defendant David Asbell, marked as Exhibit J;

  k. Plaintiff's First Request for Admission to Defendant David Asbell, marked as Exhibit K;

  l. General Civil and Domestic Case Filing Information Form, marked as Exhibit L;

  m. Sheriff's Entry of Service as to David Asbell, marked as Exhibit M;

  n. Sheriff's Entry of Service as to SCI Shared Services, Inc., marked as Exhibit N;

  o. Notice of Leave of Absence for Reza Sedghi, marked as Exhibit O; and

  p. Sheriff's Entry of Service as to Georgia Cemetery Services, LLC, marked as Exhibit P.

6. By reason of the foregoing, Defendants desire and respectfully submit that they are entitled to have this action removed from the State Court of Bibb County, State of Georgia, to the United States District Court for the Middle District of Georgia, Macon Division, such being the district and division where said suit is pending.

7. A true copy of this Notice of Removal will be filed with the Bibb County State Court Clerk, as required by law. A copy of the Notice of Filing of Notice of Removal is attached hereto as Exhibit Q.

8. Written notice of the filing of this Notice of Removal, a copy of which is attached hereto as Exhibit R, will be given to Plaintiff's counsel as required by law.

9. Defendant Georgia Cemetery Services, LLC was served on February 24, 2022. It hereby consents to and joins in this Notice of Removal.

10. The undersigned has read this Notice of Removal, and to the best of the undersigned's knowledge, information and belief, formed after a reasonable inquiry, it is well grounded in fact; as warranted by existing law or an extension or modification of existing law; and is not interposed for any improper purposes, such as to harass or cause unnecessary delay or needless increase in the cost of this litigation.

WHEREFORE, Defendants pray that this action be removed to this Court and that this Court accept jurisdiction of this matter, and henceforth that this action be placed on the docket of this Court for further proceedings, the same as though this action had originally been instituted in this Court.

Respectfully submitted this 17th day of March, 2022.

        WEINBERG, WHEELER,
        HUDGINS, GUNN & DIAL, LLC

        /s/ Matthew T. Gomes, Esq.
        Stephen W. Mooney
        smooney@wwhgd.com
        Georgia Bar No. 001790
        Matthew T. Gomes
        mgomes@wwhgd.com
        Georgia Bar No. 297453
        Attorneys for Defendants

3344 Peachtree Road, NE
Suite 2400
Atlanta, GA 30326
404-876-2700
404-875-9433 Fax

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 17, 2022, the within and foregoing Defendants' Notice of Removal was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Sandra Davis-Campos, Esq.
Reza Sedghi, Esq.
2870 Vineville Avenue
Macon, GA 31204

and that a copy was served by depositing same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

| | |
|---|---|
| Samuel S. Sykes, II, Esq. | Georgia Cemetery Services, LLC |
| Hall Booth Smith, P.C. | Incorp Services, Inc., as Registered Agent |
| 191 Peachtree Street NE | 9040 Roswell Road |
| Suite 2900 | Suite 500 |
| Atlanta, GA 30303-1775 | Atlanta, GA 30350 |

/s/ Matthew T. Gomes, Esq.