# EXHIBIT "A"

EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**22-SCCV-093897**
JBH
FEB 08, 2022 03:51 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| GLORIA BOYER,<br><br>  Plaintiff,<br><br>v.<br><br>SCI SHARED SERVICES, INC. d/b/a<br>MACON MEMORIAL PARK FUNERAL<br>HOME AND CEMETERY,<br>GEORGIA CEMETERY SERVICES, LLC.,<br>DAVID ASBELL, JOHN DOE, and<br>JOHN DOE, INC.,<br><br>  Defendants. | CIVIL ACTION NO.:<br><br>_____ |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Gloria Boyer and brings this Complaint against Defendants SCI SHARED SERVICES, INC. and MACON MEMORIAL PARK FUNERAL HOME AND CEMETERY, GEORGIA CEMETERY SERVICES, LLC, DAVID ASBELL, JOHN DOE, and JOHN DOE, INC. and respectfully shows this Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.

Plaintiff Gloria Boyer is a resident and citizen of Bibb County, Georgia.

2.

Defendant SCI Shared Services, Inc. d/b/a Macon Memorial Park Funeral Home and Cemetery is foreign corporation located at 1929 Allen Parkway, Houston, Texas 77019. They may be served through their registered agent, Corporation Service Company, at 2 Sun Court, Suite 400 Peachtree Corners, Georgia 30092, Gwinnett County. This Defendant is subject to the jurisdiction of

this Court.

3.

Georgia Cemetery Services, LLC. is a foreign corporation located at P.O. Box 70, Port Neches, Texas, 77651. They may be served through their registered agent, Incorp Services, Inc. at 9040 Roswell Road, Suite 500, Atlanta, Fulton County, Georgia 30350.

4.

Defendant David Asbell is a resident of Macon, Bibb County Georgia and service can be made at his place of employment as follows: Macon Memorial Park Funeral Home and Cemetery, 3969 Mercer University Drive, Macon, Bibb County, Georgia 31204.

5.

Defendants John Doe and John Doe, Inc. are an unknown entities and are subject to the jurisdiction of this Court and venue is proper.

6.

Defendants are subject to the venue jurisdiction of this Court pursuant to Ga. Const. Art. VI, § 3, O.C.G.A. §§ 15-7-4, 9-10-93, 14-2-510, and other applicable law.

7.

Venue for this action lies within Bibb County, Georgia.

8.

This court has subject matter jurisdiction and venue over the claims asserted in this Complaint.

9.

Venue and jurisdiction are proper originally in Bibb County State Court and are not proper

by removal from the Bibb County State Court because Plaintiff and at least one Defendant are residents and citizens of the same state.

## II. FACTS SUPPORTING CAUSES OF ACTION

10.

On or about, June 18, 2020, Plaintiff was attending a funeral service at Macon Memorial Park Funeral Home and Cemetery (hereinafter "Defendant Macon Memorial") located at 3936 Mercer University Drive, Macon, Georgia 31204 (hereinafter "the Property") when she attempted to walk to the front of the gravesite area and tripped over a protruding root covered by carpeting at the gravesite area. The casket over the grave was raised too far above the ground and there was no protective barrier around the hole such that the Plaintiff then fell and rolled into the exposed grave, falling six feet down into the grave and sustained physical and emotional injuries.

11.

The Plaintiff was lawfully on the premises for the purposes of attending a funeral service.

12.

The Plaintiff did nothing to contribute to her own severe and traumatic injuries.

13.

The incident was foreseeable as to each of the Defendants in that the Defendants knew or should have known that the gravesite was unsafe due to improper set up and maintenance of the gravesite and that the Plaintiff could not have seen this using reasonable diligence.

14.

The Defendants had superior knowledge and knew or should have known of the covered, protruding root caused by improper set up and maintenance of the property and failed to warn the Plaintiff of said dangerous root.

15.

The Defendants had superior knowledge and knew or should have known that the casket was raised too far off the ground without any protective barrier around the gravesite hole. Said condition was caused by improper set up and maintenance of the property by the defendants and the defendants failed to warn the Plaintiff of the dangerous grave-hole area.

### III. CAUSES OF ACTION

*Count One – Negligence of SCI Shared Services, Inc. d/b/a*
*Macon Memorial Park Funeral Home and Cemetery*

16.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

17.

SCI Shared Services, Inc. (hereinafter "Defendant SCI") d/b/a Defendant Macon Memorial are responsible for regular maintenance, upkeep, and inspection of the Property.

18.

Defendants SCI d/b/a Macon Memorial had a duty to property inspect and maintain the premises to ensure there were not hazardous or dangerous conditions to invitees.

19.

Defendants SCI d/b/a Macon Memorial knew of the dangerously protruding root or should have known of the dangerously protruding root due to improper inspection and maintenance of the property and failed to warn invitees of the danger.

20.

Defendants SCI d/b/a Macon Memorial knew or should have known of the dangerously raised casket and lack of protective fencing around the grave-hole due to improper inspection

and maintenance of the property and failed to warn invitees of the danger.

### Count Two – Negligence of Georgia Cemetery Services, LLC

21.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

22.

Defendant Georgia Cemetery Services, LLC (hereinafter "Defendant Georgia Cemetery") was responsible for regular maintenance and inspection of the gravesite area at the Property on or about June 18, 2020.

23.

Defendant Georgia Cemetery had a duty to property inspect, maintain, and set up the gravesite area at the Property on or about June 18, 2020.

24.

Defendant Georgia Cemetery knew of the dangerously protruding root or should have known of the dangerously protruding root due to improper inspection, maintenance, and set-up of the gravesite area at the Property on or about June 18, 2020.

25.

Defendant Georgia Cemetery knew or should have known of the dangerously raised casket and lack of protective fencing around the grave-hole due to improper inspection and maintenance of the property and failed to warn invitees of the danger.

### Count Three – Negligence of David Asbell

26.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of

this Complaint for Damages as if each were fully set forth herein in their entirety.

27.

Defendant David Asbell (hereinafter "Defendant Asbell"), as funeral director of Macon Memorial Park Funeral Home and Cemetery is responsible for regular management, upkeep, and inspection of the Property, including responsibility for directing and supervising visitation, services, and burials on the property.

28.

Defendant Asbell, as Funeral Director, had a duty to properly manage, inspect, and maintain the as well as properly direct and supervise visitation, services and burials premises to ensure there were not hazardous or dangerous conditions to invitees.

29.

Defendant Asbell, as Funeral Director, knew of the dangerously protruding root or should have known of the dangerously protruding root due to improper management, inspection, and maintenance of the property and improperly directing and supervising visitation, services, and burials on the property and failed to warn invitees of the danger.

30.

Defendant Snow knew or should have known of the dangerously raised casket and lack of protective barrier around the grave-hole due to improper management, inspection, and supervision of the property and failed to warn invitees of the danger.

*Count Four – Joint and Several Liability*

31.

Plaintiff re-alleges and reincorporates by reference the allegations of the previous paragraphs of this Complaint for Damages as if fully set forth herein verbatim.

32.

On or about June 18, 2020 and at all times relevant thereto, SCI Shared Services, Inc., Macon Memorial Park Funeral Home and Cemetery, Georgia Cemetery Services, LLC, and David Asbell operated, managed, and/or maintained the gravesite areas at the Property.

33.

Defendants jointly and concurrently committed tortious acts and omissions. Accordingly, all Defendants are jointly and severally liable to Plaintiff for the claims described herein.

### III. DAMAGES

34.

Plaintiff incorporates herein by reference the allegations of the previous paragraphs of this Complaint for Damages as if each were fully set forth herein in their entirety.

35.

Plaintiff Gloria Boyer sustained severe and traumatic injuries as a proximate result of this incident.

36.

Plaintiff Gloria Boyer was an innocent victim who in no way contributed to causing any injury to herself on June 18, 2020.

37.

As a result of the negligence of Defendants, independently, vicariously, and collectively as will be further developed through this action, the Plaintiff suffered traumatic physical and traumatic emotional injuries.

38.

As a direct and proximate result of the aforementioned incident, the Plaintiff has suffered

and continues to suffer damages including, but not limited to, medical expenses, lost wages, personal injuries, and past, present, and future pain and suffering for which all Defendants are liable.

WHEREFORE, Plaintiff demands:

(a) That summons be issued requiring the Defendants to be served as provided by law and requiring the Defendants to answer the Complaint;

(b) That Plaintiff have a trial by a fair and impartial jury of twelve members;

(c) That Plaintiff obtain a judgment for damages against the Defendants in a sufficient amount to compensate her for her injures and damages;

(d) That all costs of this action be assessed against the Defendants; and

(e) That Plaintiff has such other and further relief as this Court may deem just and equitable.

Respectfully submitted this 8th day of February, 2022.

/s/ Sandra Davis-Campos
SANDRA DAVIS-CAMPOS
State Bar No. 334795

/s/ Reza Sedghi
REZA SEDGHI
State Bar No. 634077
*Attorneys for Plaintiff*

2870 Vineville Ave
Macon, Georgia 31204
Phone: (478) 741-3770
Facsimile: (478) 741-3771
sedghilaw@gmail.com
sandy@rezasedghi.com

## SHERIFF'S INSTRUCTIONS:

PLEASE SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES:

### DEFENDANT SHARED SCI SERVICES, INC. d/b/a MACON MEMORIAL PARK FUNERAL HOME AND CEMETERY

Corporation Service Company, as Registered Agent
2 Sun Court
Suite 400
Peachtree Corners, Georgia 30092
Gwinnett County

### GEORGIA CEMETERY SERVICES, LLC

Incorp Services, Inc., as Registered Agent
9040 Roswell Road
Suite 500
Atlanta, Georgia 30350
Fulton County

### DAVID ASBELL

Macon Memorial Park Funeral Home and Cemetery
3969 Mercer University Drive
Macon, Georgia 31204
Bibb County